UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

| | |
|---|---|
| JOSHUA BIALIK, | |
| Plaintiff, | Case No. 1:12-cv-522 |
| v. | Honorable Robert Holmes Bell |
| JULIA RADDATZ, et al., | |
| Defendants. | **REPORT AND RECOMMENDATION** |

This civil action was initiated by the filing of a *pro se* complaint in the Manistee County Circuit Court on May 7, 2012. The first paragraph of the complaint alleges that the lawsuit arises from a false accusation lodged against plaintiff, allegedly in violation of plaintiff's rights under the United States Constitution, various international laws, and "violation of the Civil Rights Act (42 U.S.C. § 1983)." (Compl. ¶ 1). The "eighth cause of action" in the complaint is expressly brought pursuant to 42 U.S.C. § 1983. It alleges that defendant DeWitt violated "Plaintiff's liberty interest under the Due Process Clause of the Fourteenth Amendment of the United States Constitution." (*Id.* ¶ 53). It further alleges that defendant Raddatz violated "Plaintiff's constitutionally protected right to privacy." (*Id.* ¶ 54).

By notice of removal filed May 21, 2012, defendants removed the action to this court pursuant to 28 U.S.C. § 1441 on the basis of federal-question jurisdiction. Plaintiff has now filed a "Motion to Challenge Jurisdiction, to Disqualify Counsel, and to Correct Erroneous Information." (docket # 5). In his motion, plaintiff asserts that this court lacks subject-matter jurisdiction over this

case and therefore seeks remand to the Manistee County Circuit Court. Plaintiff also asserts that the defendants' law firm has a conflict of interest arising from the fact that the same firm represents all three defendants. By previous order of reference (docket # 4), District Judge Robert Holmes Bell has referred this case to me for all pretrial purposes, including the issuance of a report and recommendation on dispositive matters. Upon review of the record, I conclude that the motion for remand and to disqualify counsel is frivolous and recommended it be denied.

## Discussion

A.   **Motion to Remand**

Removals of civil actions from federal court are governed by 28 U.S.C. §§ 1441-1454. Under the provisions of section 1441(a), any civil action brought in a state court in which the district courts have original jurisdiction may be removed by the defendant. Under the plain language of the statute, state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant. *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under 28 U.S.C. § 1331, federal district courts have original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. This is sometimes called the court's "federal question" jurisdiction. In determining whether a complaint "arises under" federal law, the court applies the well-pleaded complaint rule. *See Loftis v. United Parcel Serv., Inc.*, 342 F.3d 509, 514 (6th Cir. 2003). Under this rule, federal jurisdiction exists when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Caterpillar*, 482 U.S. at 392.

Under the foregoing authorities, this civil action was clearly removable to this court. Plaintiff's eighth cause of action is expressly grounded on 42 U.S.C. § 1983, a civil rights statute

passed by Congress after the Civil War that allows a plaintiff to sue state actors for deprivation of federally guaranteed rights. Plaintiff's complaint alleges that defendants were acting under color of state law and that they deprived him of constitutionally guaranteed rights. Plaintiff's eighth cause of action clearly falls within this court's original, federal-question jurisdiction and was therefore removable to this court. By force of 28 U.S.C. § 1441(c), the entire case (including the state-law claims alleged in other counts) was removable. If, in subsequent proceedings, the court finds that these claims fall within its supplemental jurisdiction, *see* 28 U.S.C. § 1367, the court will have discretion to retain the state-law claims. If not, they must be severed and remanded. 28 U.S.C. § 1441(c)(2). At this early stage of the case, however, that determination is premature.

Plaintiff's argument in support of his request for remand is virtually incomprehensible. Plaintiff contends that he is not a citizen or resident of the United States and that the federal rules apply only in the District of Columbia, Puerto Rico, and other territories. These and other nonsensical assertions, which have no foundation in American law, are insufficient to defeat defendants' clear right to remove plaintiff's federal civil rights action to this court.

   **2.    Motion to Disqualify Defense Counsel**

Plaintiff seeks to disqualify defense counsel because the same firm represents both the school district and its two employees. Generally, a party does not have standing to bring a motion to disqualify on the ground of conflict of interest unless an attorney-client relationship existed between the moving party and the attorney. *See Frey v. Pryor*, Nos. 91-3567, 91-3725, 1991 WL 253557, at * 1 (6th Cir. Nov. 27, 1991); *accord Dawson v. City of Bartlesville*, 901 F. Supp. 314, 316 (N.D. Okla. 1995). As the Sixth Circuit has instructed, a court deciding a motion to

disqualify counsel must first determine whether "a past attorney-client relationship existed between the party seeking disqualification and the attorney it seeks to disqualify." *Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio*. 900 F.2d 882, 889 (6th Cir. 1990). The threshold requirement of the existence of an attorney-client relationship between plaintiff and the Vogelzang firm does not exist in this case. Even if one adopts the view that courts have a independent obligation to ferret out conflicts of interest, counsel should be disqualified only if he actively represents conflicting interests and actual conflict of interest is adversely affecting his performance. *See Gordon v. Norman*, 788 F.2d 1194, 1198 (6th Cir. 1986). Plaintiff's allegations of conflict of interest do not meet this standard.

### Recommended Disposition

For the foregoing reasons, I recommend that plaintiff's motion to remand and motion to disqualify counsel (docket # 5) be denied in its entirety.

Dated: June 6, 2012                     /s/  Joseph G. Scoville
                                        United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).